STATE v. WILLIAM CHARLES THOMPSON.

238 N. W. 2d 618.

January 23, 1976—No. 45651.

C. Paul Jones, State Public Defender, and Ronald L. Haskvitz, Assistant State Public Defender, for appellant.

Warren Spannaus, Attorney General, Gary W. Flakne, County Attorney, and Vernon E. Bergstrom, Michael McGlennen, and David W. Larson, Assistant County Attorneys, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of a charge of aggravated robbery, Minn. St. 609.245, and was sentenced by the trial court to a maximum indeterminate term of 20 years' imprisonment. On this appeal from judgment of conviction, defendant contends (1) that the admission of eyewitness identification testimony by the victim of the crime violated his right to due process, and (2) that the admission of a written exculpatory statement signed by defendant violated the rules established in Miranda v. Arizona, 384 U. S. 436, 86 S. Ct. 1602, 16 L. ed. 2d 694, 10 A. L. R. 2d 974 (1966). After careful consideration, we affirm.

1. Although the lineup at which defendant was identified by the victim as the man who had robbed him at gunpoint was suggestive, an examination of the entire record forces us to conclude that there is no substantial likelihood that defendant was misidentified. See, Neil v. Biggers, 409 U. S. 188, 93 S. Ct. 375, 34 L. ed. 2d 401 (1972). The suggestiveness in the lineup resulted from the fact that the victim had observed prominent tattoos on the robber's arms and defendant was the only one in the lineup who had prominent tattoos on his arms; however, the suggestiveness was unintentional because the victim did not mention these tattoos to the police when he described the robber. Our conclusion that there is no substantial likelihood that defendant was misidentified is based upon a number of factors including (a) the fact that the victim

had seen the gunman several times on the evening of the robbery, (b) the fact that the victim had an adequate opportunity to view the gunman, (c) the fact that the victim based his identification of defendant on a number of other factors in addition to the tattoos, and (d) the fact that the victim's identification was positive. There also was strong circumstantial evidence of defendant's guilt.

Defendant also challenges the admission of the identification evidence upon the ground that although the lineup was held on Monday, 3 days after the arrest, he had still not been taken before a magistrate. Prior to the adoption of Rule 4.02, Rules of Criminal Procedure,[1] there was no specific rule in Minnesota as to the length of time within which the accused had to be taken before a magistrate. In our past decisions we have followed the rule that a delay must be prejudicial before evidence obtained during it will be excluded. State v. Ulferts, 288 Minn. 551, 181 N. W. 2d 104 (1970); State v. Nelson, 285 Minn. 304, 173 N. W. 2d 349 (1969). In our judgment, the delay in this case was not prejudicial.

2. The other issue raised by defendant is whether the admission of the signed exculpatory statement violated the Miranda rules. We need only say that the record supports the trial court's finding that there was no such violation.

Affirmed.

---

[1] The rules did not become effective until July 1, 1975, and therefore Rule 4.02, subd. 5, is inapplicable to this case.

